Good morning, Your Honors. May it please the Court, we are here on the appeal to de novo review in this appeal of the dismissal for lack of jurisdiction of not only a petition to vacate an arbitration award but also a complaint for declaratory judgment where the pleadings allege under the well-pleaded complaint rule related to the confluence of two cases. If the Court has seen the record, the third amended petition and complaint specifically states four bases for jurisdiction. First, under the Defense of Trade Secrets Act pursuant to 1331, declaratory relief that Apolle's claims were barred by res judicata related to dismissal of parallel federal DTSA lawsuit that could only be decided by the federal court and not the arbitration panel. Second, the All Writs Act which is section 1651 provides for enforcement of an earlier judgment with prejudice against the Apolle's by precluding it from confirming in the later filed state court action an arbitration award based on DTSA claims barred by res judicata. The third basis for jurisdiction in there that was before the Northern District of Texas was the relitigation exception to the Anti-Injunction Act pursuant to section 2283 which requested an injunction of the later filed mirror image state court petition to confirm filed by Apolle in Dallas County State Court. And the fourth was this Fifth Circuit's exception to the Bajarro versus Walters decision in its finding in 2022 in Rogers versus USAA where a case that is originally filed in federal court and then is compelled to arbitration and then the parties go back to that federal court to confirm or vacate the award that there is held to be jurisdiction. So we allege four bases. The two issues that we're here in front of the court to address obviously is whether the district court had subject matter jurisdiction to determine the preclusive effect of the federal judgment involving a federal question and supplemental jurisdiction over appellant's petition to vacate an arbitration award. And also number two, whether the district court erred in denying as moot appellant's motion to preliminarily enjoin the Apolle's later filed mirror image suit in state court. Now this case as the court may be aware involved not only a claim by appellants that where they sought in arbitration to recover two million dollars in remediation for a data breach caused by Apolle's but also a trade secret case that was brought by Apolle's first in the eastern district of Texas against appellants but then also in a second case against a subsequent vendor, Altada. And so those two cases in that were filed in federal court, the first of which was compelled arbitration, the second of which Apolle's dismissed with prejudice on the eve of arbitration which forms the basis of of our race judicata claims. And so it's notable that federal courts can only decide the issue of race judicata related to that prior federal judgment that the arbitration panel could not and that was why one of the main bases that we asserted with the northern district of Texas was that they had sole jurisdiction to decide that issue. And the Baggiaro versus Walters decision in 2022, a very recent decision, has caused some confusion with some of the federal courts where the federal courts are to look to the application determine whether there is federal question jurisdiction. Baggiaro only addresses whether the pleadings in a case support an independent basis for jurisdiction. It does not preclude a district court from determining whether an adverse judgment on federal claims precludes a subsequent arbitration award on the same claims. Baggiaro also does not require diversity jurisdiction. Here there is jurisdiction based on the well-pleaded complaint rule where the appellants have alleged in their third petition and complaint in this confluence of two cases, the petition to vacate the arbitration award and the complaint for declaratory judgment related to the that they had alleged, appellants alleged four bases and we went over those initially but it's notable that the courts have noted and we cited the John Hancock decision that race judicata arising from a federal judgment as opposed to prior arbitration must be decided by a district court regardless of whether the question arises in an action to compel arbitration or in action to enforce an award. And so that was the primary basis alleged in the petition and complaint that was filed with the Northern District of Texas that this prior judgment created race judicata where the arbitration could not even proceed and that it was pursuant to race judicata that the appellees could not prevail on their claims. So that was basis one. The All Writs Act under section 1651 where the appellants alleged that the district court had jurisdiction under the All Writs Act to enforce the judgment against appellee by precluding it from confirming in state court an arbitration award based on DTSA claims barred by race judicata which were registered pursuant to the Registered Judgment Act 1963 precluded them from prevailing and that was a second basis. It's notable too that the that the re-litigation exception to the Anti-Injunction Act 2283 provides a basis to join state court actions that are filed under judicial estoppel principles and here that was alleged as a third basis to prevent the state court from going and attempting to basically re-litigate what had already been decided before the federal court in the Eastern District of Texas that there was a dismissal with prejudice that would preclude appellees from continuing with the arbitration claims that they later sought to confirm in the Dallas County State Court. And obviously the final one on which we addressed briefly is the Rogers versus USAA exception and that is where you have a situation where there's first the case is filed in federal court. It is then compelled to arbitration and administratively closed and then the parties then come back to confirm or vacate. In our case the case was originally filed in the Eastern District of Texas, compelled to arbitration. The Eastern District of Texas had no ties to this matter and so at the conclusion of the arbitration appellants filed their petition and complaint with the Northern District of Texas which was the agreed upon venue to file any sort of actions outside of the arbitration. And so following the reasoning of Rogers versus USAA there would be an exception to Bajoreau and there would be jurisdiction over it being that the case had already been filed in federal court. There's also another reason that gives this additional strength and that is that appellee filed in Eastern District of Texas basically form shop by filing a case there with no ties to that jurisdiction. The parties aren't from that jurisdiction. There was no basis for venue there. So the Rogers case that this court decided shortly after Bajoreau was decided provides that basis. There's also a number of other cases that we cite in the SmartSky versus network versus SmartSky networks versus wireless systems solutions found Bajoreau inapplicable because plaintiffs underlying claims were initially filed in federal court based on federal question jurisdiction and stayed while the parties engaged in arbitration. So again similar to the situation that we have here. This case really addresses the perils that arise when a party pursues a separate suit with federal claims outside of an arbitration involving the same claims. Here the appellee filed not one but two federal lawsuits in addition to the arbitration proceeding. And so pursuant to Rogers they are basically forced to end up back in federal court after the arbitration. Separately I know that the court had stated that the motion to dismiss that was filed by appellee would be decided at the conclusion of the case. So I just wanted to briefly address that for your honors. There is a parallel state court case that is going right now but there is an interlocutory judgment in that case. It is still pending. We have briefed that thoroughly and we even had a hearing this past week. The order that . . . I don't understand. What's an interlocutory judgment? Do you mean an interlocutory appeal? Well it was a judgment that still left open the request for attorney's fees and stated in that judgment that there would be entry of a judgment after there were subsequent briefings. So the state court signed an order making a finding for but it left open the attorney's fees that they had said that they would submit at a later date. And we had a hearing in fact this last week involving one of the other parties and it was identified again on the record that they had claims for these pre-judgment attorney's fees that would under Texas state law preclude that judgment from being recognized as final because there was still this pending attorney's fees claim plus the reference to the entry of . . . It's undisputed that that's interlocutory even though it's only attorney's fees that are pending? It is interlocutory under . . . That's undisputed by both sides? They dispute that but the judge has got that under consideration right now, your honor. And there's several cases not only out of the Texas Supreme Court but also the Dallas Court of Appeals where the courts kicked back to the state court that any sort of appeal of a judgment that leaves open the attorney's fees issue. And so we briefed that thoroughly with the state court and they haven't done anything with it but that still remains pending. So I wanted to make sure that the court was aware of that, the posture of that state court case. So we would ask that the panel take note of and review the appellant's record, especially tab 7 which is the third amended petition to vacate the contractual arbitration award and complaint for declaratory judgment which is 23-11026.92-94 and note the clearly detailed bases of jurisdiction that were asserted pursuant to the well-pleaded complaint rule on pages two to three of that petition and complaint, identifying those bases that we just went through now and noting that we also identified in that well-pleaded complaint the Rogers v. USA Fifth Circuit exception and note that under federal law, the Northern District of Texas needs to and is required to decide the res judicata issue related to the prior federal judgment. Quite simply, the arbitration panel lacks the jurisdiction, the ability to make a decision on that prior federal judgment and it could not make any sort of finding on that which dismissed with prejudice the claims against subsequent vendor Altada which was a necessary party to the federal claims that Appley was asserting against appellant in the arbitration proceeding. So in other words, if they've already dismissed with prejudice the subsequent vendor who is a necessary party to those claims in arbitration, that res judicata prevents those claims from being proceeded upon in arbitration and they did that on almost on the eve of the arbitration hearing and they did not make any sort of relief. And because Altada was a necessary party for Perperup's or Appley's federal claims, they could not have proceeded in that arbitration and that was one of the main points that we asserted with the federal court in asking them to hear a case. I'm going to let you pronounce your name because I'll mess it up. Roethlisberger, Your Honor. Good morning. I'm here for Appley Perprep Inc. The district court orders here was exactly right. Federal courts are courts of limited jurisdiction that need specific authority to hear a case. This is a petition to vacate that arbitration award under the FAA. There's no diversity jurisdiction and the Supreme Court has been clear that the FAA does not provide independent basis for jurisdiction. That leaves only the look-through jurisdiction that was barred by Badgerow. Here they point to the appellant state that the district court's jurisdiction quote arises out of no claims. They have a petition to vacate and petitions to vacate are decided on very narrow grounds. The court in Hall Street, the Supreme Court case that we cited in our brief, says that section 10A of the FAA is the exclusive grounds to vacate an arbitration award and those grounds are exceedingly narrow. Those grounds do not include that the arbitrator got it wrong or there was some sort of claim preclusion or race judicata. Counsel cited John Hancock and other cases in the briefing. Those cases predate Badgerow. They predate Hall Street to the extent that they're looking at federal questions that are not allowed under section 10A. They're no longer good law and they do not address whether the federal district court has jurisdiction here at all. In fact, in John Hancock, the first paragraph of the decision seems to explicitly use the look-through jurisdiction applied that Badgerow said was inapplicable. The only DTSA claims at issue are the DTSA claims that were decided by the arbitration panel and the defense to that that was asserted by appellees in the arbitration was the race judicata defense. This is nothing more than look-through, which was not permitted under Badgerow. Secondly, appellants cited to Smart Sky, which is a district court case that was cited in the briefs. That case has subsequently been overruled by the Fourth Circuit, 93 F. 4th 175. The court there held that Badgerow precludes jurisdiction by the district court in that case. They also cite Rogers, which is an unpublished Fifth Circuit case that while predating or coming after Badgerow, does not actually address Badgerow. And the appellant and the appellee in that case did not cite Badgerow in their briefings. Secondly, it concerns an issue that does not need to be addressed here, which is continuing jurisdiction or anchor jurisdiction, as some of the courts call it. This is the idea that a federal court that compels an arbitration retains some sort of jurisdiction to vacate or confirm the arbitration award later. But that's not what happened here. In this case, the Eastern District of Texas, Judge Gilstrap, compelled arbitration of my client's claims. The arbitration was held and the appellants did not move to vacate in the Eastern District of Texas. They went to the Northern District of Texas. They dropped a separate anchor for which they needed separate jurisdiction. Furthermore, as I noted, the Smart Sky Networks case had been overturned by the Fourth Circuit. They explicitly held in that case that this continuing or anchor jurisdiction is explicitly not allowed by Badgerow. Appellants also point to the All Writs Act, Anti-Injunction Act. As we noted in our brief, these do not confer jurisdiction. Neither does a request for declaratory relief. Here, this is a petition to vacate, which is a very narrow grounds for a federal district court to have jurisdiction. They pointed to nothing in Section 10A that would require the district court to decide any kind of federal question. Separate and apart from the federal district court's lack of jurisdiction is that this appeal is now moot. The Texas state court has entered a final judgment confirming the arbitration award in this case. As such, there is no case for controversy between the parties anymore and the appeal should be dismissed as moot. Panelists, any questions? So, your choice would be that we dismiss the appeal as moot rather than affirming the district court judgment that was based on want of jurisdiction? I don't know if I have a preference, Your Honor, but I would say that it should be dismissed as moot because there is already a final judgment in a Texas state court. But if the panel were not to reach that, it should affirm the district court for lack of jurisdiction. All right. Thank you. Thank you. Mr. Stevens for a vote. Thank you, Your Honors. Notably, Appalee relies on removal cases to support its arguments, and this is not a removal case. The jurisdiction is asserted on the face of the application, which was the petition to vacate the arbitration award and complaint for declaratory judgment. And the Northern District of Texas erred by going beyond the application and not looking at the face of the petition and complaint under the well-pleaded complaint rule, which provides the very clear stated basis to that any of their removal cases should be considered. However, in a recent Fifth Circuit case in Singh v. Duane Morris, the Fifth Circuit said that a federal question exists only in those cases in which a well-pleaded complaint establishes either that federal law creates the cause of action or the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law. We've alleged four separate bases in there, one of which was the type of situation that is not one that typically happens where you have a prior intervening judgment with prejudice that happens on the eve of the arbitration, such as happened in this case. That was the result of Appalee's form shopping and filing multiple federal lawsuits whenever they clearly were bound by the terms of the MSA with appellants that compelled arbitration, ultimately, in the Eastern District. Moreover, the court's finding in the Rogers case happened after Bajoreau happened, and without going through and detailing specifically the Supreme Court's findings in Bajoreau, the courts are assumed to acknowledge what recent rulings have taken place, and there is no subsequent history that questions the validity of this court's decision in Rogers. There's been other . . . Is that the unpublished case? Yes. Yes, Your Honor. There are other cases going through and shepherdizing, which we did just on the eve of this. There's, I think, maybe 208 decisions related to Bajoreau on these issues, and there's a lot of cases that have come out. Obviously, the scenario that's one greater than the Rogers case where you have the case is compelled to arbitration, and then the parties go back to the same federal court. We've got that wrinkle where they filed in the Eastern District, which was clearly not a proper venue, where the parties had agreed on the Northern District of Texas, so we did what we thought would be the proper thing and filed in the Northern District of Texas where the parties had contractually agreed to go and have that . . . to have that confirmation decided. If there is a consideration about whether Rogers should be applied when they forum shopped, I think there's an even greater reason for the Fifth Circuit to apply its decision from July of 2022, and again, finding that where you have an arbitration that goes back to federal court, that the federal court is then going to say, yes, of course, we're going to decide it. You guys have already been here once. These are issues that were asserted in federal court to begin with, and we didn't dismiss because they were federal questions on the face of those pleadings. Here, they're the ones that brought the lawsuit in the Eastern District of Texas. They alleged that there was federal question jurisdiction, and that federal question jurisdiction is what then caused the race judicata issue related to them dismissing with prejudice the necessary party altata that forms the basis of our race judicata assertion in the Northern District of Texas. So address . . . I'm interrupting just because you're about to run out of time, so address the claim that the appeal is moot and that all that we should do is dismiss the appeal rather than addressing the correctness of the district court's judgment. Yes, Your Honor. As stated earlier, the judgment . . . can I continue briefly? Yes, please. The judgment that was entered on October 31st of 2023 in the state district court states not only that there's going to be attorney's fees that are going to be submitted at a later date, but that there would be a subsequent entry of judgment. So there's not one but two basis, and under state court decisions out of the Dallas Court of Appeals and the Texas Supreme Court, they both said that having language that provides for a subsequent entry of attorney's fees renders that judgment interlocutory or not final. All right. Thank you, Mr. Stevens. Your case is under submission. The remaining case for